■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRON WILSON, Appellant. [621 NYS2d 958] —Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered September 7, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

We find unavailing defendant's contention that he was denied the effective assistance of counsel. Defendant's arguments, which focus on his attorney's allegedly ineffective performance, find no support in the record and do not equate to ineffective assistance. Simple disagreement with trial strategies and tactics does not prove ineffectiveness. Viewing defendant's attorney's representation in its totality reveals that defendant was not deprived of the effective assistance of counsel.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL PARSONS, Appellant. [621 NYS2d 234] —Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 17, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years. Defendant contends that evidence found on his person should be suppressed as the police did not have probable cause to arrest him. Three persons told police that defendant had been attempting to sell illegal substances. We conclude that this fact, together with police knowledge that the area had a high incidence of drug trafficking and defendant's flight when approached by police, was sufficient to establish probable cause for defendant's arrest.

Mikoll, J. P., Mercure, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.